B18-00560

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

| | |
|---|---|
| In Re: | CASE NO. 15-20630 |
| Michael Warren Pry<br>Kimberly Kay Pry | CHAPTER 13 |
| | Judge Tracey N. Wise |
| Debtors | (2971 Jennifer Court, Burlington KY 41005) |

**AGREED ORDER FOR RELIEF FROM STAY**

This matter came to be considered on the Motion for Relief from Stay (the "Motion") filed by Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2018-GS1 (doc 53).

Creditor has alleged that good cause exists for granting the Motion and that Debtors, counsel for Debtors, the Chapter 13 Trustee, and all other necessary parties were served with this Motion and with notice of the hearing date for this Motion; and

The parties have entered into an agreement resolving the Motion.

**IT IS THEREFORE, ORDERED:**

1. The Debtors shall maintain regular monthly post-petition payments directly to Creditor outside the Chapter 13 Plan beginning with a payment on January 1, 2021. Failure by the Debtors to make the regular monthly mortgage payment to the Creditor within 30 days of the date due shall constitute a default. **The terms and conditions of the note and mortgage remain unaffected by this Agreed Order.**

2. Debtors presently owe Creditor the sum of $9,612.08 which is comprised of post-petition arrearages, late charges, costs and fees which have accrued up to and including December 1,

2020. This amount consists of $1,231.00 which represents the attorney fees of $1050.00 and filing fee of $181.00 associated with the filing of the Motion for Relief plus the remaining arrearage of $8,381.08 (1 payment at $891.91 for March 1, 2020 and 9 payments at $894.93, April 1, 2020 through December 1, 2020 minus $565.20 in suspense). Creditor shall file a supplemental proof of claim for $9,612.08 costs associated with the Motion for Relief. Debtors agree not to object. Debtors have filed a Motion to Modify Chapter 13 Plan on June 24, 2020 (doc 52) in order to extend their plan to pay over seventy-months and include payment of the $9,612.08 into their plan.

3. Debtors' failure to tender the arrearage payment on or before the due date shall constitute a default. **The parties are in agreement that the Debtors should only pay and the Creditor should only receive what is actually owed, no more and no less. If it is discovered that certain payments or advances were not properly credited or accounted for, then the parties agree that the Agreed Order shall be modified to accurately reflect the status of the account.**

4. Should Debtors convert to another chapter under the bankruptcy code during the life of this Agreed Order, then, Creditor's counsel shall send written notice to Debtors' counsel advising that the entire contractual arrearage is due within 10 days of the date of the letter. If the entire arrearage is not tendered within that 10-day period, then such failure shall constitute a default.

5. In the event of a default, Creditor shall send to Debtors and counsel for Debtor a Notice of Default, indentifying the missed payments, indicating Debtors shall have ten (10) days from the date of issuance of the Notice to cure the Default. Debtors' right to receive this 10-day Notice from Creditor shall be limited to three (3) in number. Upon a fourth Default Creditor

shall be entitled to file with the Court a Certificate of Non-compliance referenced in the next paragraph. **Debtors' opportunity to cure a default shall be limited to 3 occurrences.**

6.   Should Debtors fail to cure the Default, Creditor shall file a Certificate of Non-Compliance with supporting affidavit, with service of same upon Debtor, Debtor's counsel and the Chapter 13 Trustee.  The filing of the Certificate of Non-Compliance shall serve to grant immediate relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, which shall terminate without further hearing or order from this Court and by agreement of the parties hereto.

7.   **Debtors shall stay current on their post-petition property taxes and property insurance.  Should Debtors become delinquent on the post-petition property taxes or fail to maintain insurance on the property, resulting in Creditor advancing funds for post-petition taxes that have become delinquent or a lapse in insurance coverage, then a default of this order shall exist, and Creditor shall have the same rights upon default as described in paragraphs 4 and 5.**

Pursuant to Local Rule 9022-1(c), LeAnn E. Covey, shall cause a copy of this order to be serviced on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a Certificate of Service of the Order upon such parties within ten (10) days hereof.

SUBMITTED AND APPROVED BY:

**/S/ LeAnn E. Covey**
LeAnn E. Covey
Clunk, Hoose Co., LPA
Attorney for Creditor
4500 Courthouse Blvd, Ste 400
Stow, OH 44224
(330) 436-0300
(330) 436-0301 facsimile
Email: *bknotice@clunkhoose.com*


**/s/Samantha J. Evans (via email 1/13/2021)**
Samantha J. Evans, Attorney for Debtors
75 Cavalier Blvd. Ste. 217
Florence KY 41042
Tel: 859-291-4357
Samanthaevansatty@fuse.net

**/s/Beverly M. Burden (via email 1/13/2021)**
Beverly M. Burden
Chapter 13 Trustee
PO Box 2204
Lexington, KY 40588
Phone: 859-233-1527
Fax: 859-255-3143
Email: questions@ch13edky.com

**Distribution list:**

Michael Warren Pry
2971 Jennifer Court
Burlington, KY 41005

Kimberly Kay Pry
2971 Jennifer Court
Burlington, KY 41005

Green Tree Servicing LLC
345 St Peter St
Saint Paul, MN 55102

Samantha J. Evans
75 Cavalier Blvd. Ste 217
Florence, KY 41042

Beverly M. Burden
PO Box 2204
Lexington, KY 40588

Office of the U.S. Trustee
100 E. Vine Street
Lexington, KY 40507

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, January 15, 2021**
**(tnw)**